UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04m1061 JGD |
| | ) | |
| MARCELO BALMES | ) | |
| | ) | |

JOINT MOTION TO COMBINE RULE 11 HEARING AND SENTENCING
AND DISPENSE WITH PRESENTENCE INVESTIGATION

Defendant Marcelo Balmes and the United States jointly move that the Court (1) sentence Mr. Balmes at the conclusion of the Rule 11 Hearing on June 22, 2004 at 10:30 a.m. and (2) dispense with the preparation of a presentence investigation because the Court has sufficient information to exercise its sentencing authority meaningfully, see Fed. R. Crim. P. 32(c)(1)(A)(ii). The parties' grounds are set forth below.

1. Mr. Balmes is a citizen of Brazil. He is twenty-five years old. He walked into the United States across the Mexican border in August, 2003. He came to Boston because he knew people here from his native state of Minas Gerais. Before coming to the United States he lived with his mother and sister; he worked in a convenience store, in a dentist's office, and for a small business that silk-screened shirts. He has a high school education. He speaks almost no English.

2. Mr. Balmes has no prior criminal record. Counsel for both the United States and Mr. Balmes have each, separately, reviewed his criminal record; it contains no prior arrests or convictions.

3. Guideline § 2L2.1 applies to Mr. Balmes. It results in a base offense level of 11. U.S.S.G. § 2L2.1 (b)(2)(A) requires a 3-level enhancement because the offense involved more than 5 but less than 25 documents. The defendant should receive a 2 level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The defendant's base offense level thus is 12, and he is in criminal history category I, so the applicable guideline range is 10-16 months. Counsel for both the United States and Mr. Balmes have each, separately, reviewed the facts in this case and the application of the guidelines to the facts in reaching this conclusion.

4. As part of his plea agreement, the defendant has admitted that he is not a citizen of the United States and affirmed that he is a native of Brazil. He has waived his rights with regard to any hearing on the question of whether he should be deported. The government, as part of the plea agreement, has agreed to recommend a sentence at the low end of the applicable guideline range. Since the defendant's range is within Zone C of the guidelines, the defendant will ask the Court to impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, pursuant to U.S.S.G. § 5C1.1(d)(2).

5. Based upon the foregoing, the United States and Mr. Balmes suggest that the Court has sufficient information to exercise meaningfully its sentencing authority under 18 U.S.C. § 3553 and, thus, proceed to sentencing on June 22, 2004 without a presentence investigation or report.

6. Because the Probation Office will not likely supervise Mr. Balmes on supervised release, whether or not a term of supervised release is imposed, that Office does not need a presentence report. Whether by voluntary departure or by order of deportation, Mr. Balmes will

be deported to Brazil from the United States as soon as his sentence is completed, accordingly no presentence report is required for supervision purposes.

CONCLUSION

WHEREFORE, the parties request that the Court sentence Mr. Balmes on June 22, 2004 after accepting his change of plea.

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>United States Attorney, | MARCELO BALMES<br>By his attorney, |
| /s/ William Connolly<br>William Connolly<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>One Courthouse Way<br>Boston, MA 02210 | /s/ Page Kelley<br>Page Kelley<br>  B.B.O. #548237<br>Federal Defender Office<br>408 Atlantic Avenue, 3rd Floor<br>Boston, MA  02110<br>Tel: 617-223-8061 |